**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Bryan William David Sicard,<br><br>    Defendant. | No. CR-19-03123-001-TUC-JGZ (LCK)<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Lynnette Kimmins's Report and Recommendation (R&R) recommending that the District Court grant Defendant's Motion regarding Discovery Violation (Doc. 66), and impose as a sanction removal of the assigned Assistant United States Attorney (AUSA). (Doc. 85.) In support of the recommended sanction, the Magistrate Judge found that (1) the Government violated Rule 16(a)(1)(A) and (b)(i), Fed. R. Crim. P., by failing to timely disclose Defendant Sicard's full interview; and (2) the Government violated Rule 16(a)(1)(E) by failing to disclose an email from Alicia Beasley to Sicard that included the bill of sale relevant to Count 4 of the Indictment. (*Id.* at 8-9.)

The Government filed a "Response" to the R&R (*see* Doc. 103), stating that it does not object to the Magistrate Judge's recommendation that the assigned AUSA be replaced by another AUSA, but disputes certain findings in the R&R. (*Id.* at 1.) The Government requests that the Court adopt the recommendation that another AUSA be assigned,[1] but

---

[1] The U.S. Attorney's Office reassigned the case to a different AUSA on June 7, 2021. (Doc. 86.)

correct the findings and allow the Government to supplement the factual record. (*Id*. at 9.)

**STANDARD OF REVIEW**

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).[2] District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled to *de novo* review of evidence or arguments which are raised for the first time in an objection to the report and recommendation, and the Court's decision to consider newly-raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

**DISCUSSION**

The Government initially argued that a Rule 16 violation did not occur. (Doc. 103, p. 2.) The Government has since conceded that it did, at least to the extent that the Government should have disclosed Sicard's full interview to his attorney at an earlier date. (*Id*. at 2, 9.) The Government moves to correct and supplement the record in a way that removes any findings that the AUSA's conduct was intentional. While not characterized as an objection to the Magistrate Judge's findings, the Court has read it as such and has reviewed the findings de novo.

The Government first challenges the R&R's finding that the AUSA "knew" she had not disclosed Sicard's entire interview prior to March 5, 2021. (Doc. 103 at 2-3.) The Court rejects this challenge. The Magistrate Judge's finding was in the alternative. The Magistrate Judge found that the AUSA "*knew or should have known*" that Sicard's new counsel did not possess the complete interview prior to March 5, 2021. (Doc. 85 at 12

---

[2] Because Defendant requested dismissal of the indictment as a remedy for the discovery violation, (*see* Doc. 75), the Court reviews the objection to the R&R de novo.

- 2 -

1  (emphasis added).) The Magistrate Judge's finding was based on undisputed facts,
2  including: (1) the AUSA intentionally withheld Sicard's full statement from his prior
3  counsel for a valid reason; (2) the AUSA could not satisfy the Government's disclosure
4  obligations by directing Sicard's new counsel to obtain the statement from prior counsel
5  (who did not have the entire statement); (3) the AUSA requested and received an
6  incomplete copy of a transcript of the interview prepared by Sicard's prior counsel (who
7  did not possess the whole audio recording); (4) the interview was cited by Sicard's new
8  counsel in the October 2020 motion to dismiss; (5) the Government's November 2020
9  opposition to the motion included quotes from the audio recording; (6) in a January 2021
10 response to Burnett's disclosure requests, the Government informed Burnett that the entire
11 recording of Sicard's interview contained certain statements which were redacted and not
12 disclosed in Burnett's case; and (7) the AUSA agreed to provide Burnett's new counsel
13 with the unredacted audio. (Doc. 85 at 5-8, 12.) These facts support the Magistrate Judge's
14 determination that the AUSA "knew or should have known" that she failed to disclose the
15 entire interview to Sicard. Thus, the Court finds no basis for setting aside this finding.[3]

16  The Government also defends its decision to truncate the audio of Defendant's
17 interview instead of redacting it. (Doc. 103 at 7.) The Government states that there were
18 delays in providing the interview because of the need to redact portions. According to the
19 Government, it had not ordered a transcript of the interview at that time and chose to
20 truncate the audio tape in order to expedite resolution of the conflict-of-interest issue, not
21 to conceal the existence of the full interview. (*Id*.) The Magistrate Judge's criticism,
22 however, was not directed at the Government's choice to truncate the interview. It was
23 directed at the Government's failures, after new counsel appeared in the case, to provide
24 Defendant with his full interview or to alert Sicard's new counsel that a substantial portion

---

[3] Of note, the Government argues that the untimely disclosure of the full transcript did not prejudice the Defendant because nothing in it related to the pending charges. (Doc. 103 at 4.) However, the Government also "recognizes that interspersed with defendant's statements about unrelated people are some statements related to evidence of his offenses charged in this case and such statements are subject to disclosure." (*Id*.) These statements regarding the content of the undisclosed portion of the transcript are contradictory.

of the interview had not been disclosed. Because the disclosure was truncated instead of redacted, it was not apparent that the transcript did not include Sicard's entire interview. In this light, the Court sees no basis for setting aside the Magistrate Judge's statements regarding the method of redaction.

The Government states that no violation of Rule 16(a)(1)(E) occurred based on Defendant's request for "any and all of Mr. Sicard's emails that the government seized or otherwise obtained in any fashion off of Mr. Sicard's physical computer(s), off his phone, or from the cloud, and specifically any emails from Mr. Sicard to Mr. Resnick," because the request did not specifically encompass the email from Sicard to Alicia Beasley. (Doc. 103 at 5-6, Exh. J.) Rule 16(a)(1)(E) requires the Government to produce, upon a defendant's request, documents within the government's possession, custody, or control that are material to preparing the defense. Rule 16(a)(1)(E)(i), Fed. R. Crim. P. Although Defendant's request may not have encompassed the particular email at issue, the Government acknowledges that its response to the request did. That response stated that the Government "did not obtain any emails from the defendant's electronic devices or elsewhere, and is not in the possession of any emails to or from the defendant." As the Government acknowledged, this response can be interpreted to "suggest"[4] that the Government did not obtain or possess *any* emails from Sicard or *any* emails related to the case, (Doc. 103 at 5), which was false because the email from Sicard to Beasley was in the Government's possession. Importantly, based on the Government's response, it would not be reasonable to expect the Defendant to make further requests for emails—the Government stated that it did not possess any emails. On these facts, the Court does not find the argument regarding the wording of the Defendant's request for emails to be mitigating.

The Government disputes the Magistrate Judge's finding that the AUSA's citation to the audio recording in her response demonstrated that the AUSA "listened to at least a portion of the recording." The Government also objects to the Magistrate Judge's further

---

[4] The Court concludes that the response more that "suggests" that the Government does not possess any emails. It explicitly stated such.

- 4 -

conclusion that "[t]his contradicts the AUSA's representation at the hearing that her response to the motion to dismiss did not include any statements that she listened to and wrote down from the recording." (Doc. 103 at 8.) The Court concludes that the Magistrate Judge reasonably inferred that the AUSA had listened to the audio or read the transcript of the audio because she quoted from the audio in the Government's response. The recently-advanced explanation – that the AUSA was not aware of the contents of the recording and relied solely on the agent to provide snippets from the audio, (Doc. 103 at 8), does suggest otherwise, but presents a different problem – the AUSA's lack of involvement in the review of and citation to Defendant's statement in her filing.

Finally, the Government argues that, although it does not object to the recommendation that the AUSA be removed from the case, the removal should not be considered a sanction because no intentional disclosure violation occurred and Defendant was not prejudiced. (Doc 103 at 6-7.) The Magistrate Judge recommended removal as a sanction for the Rule 16 disclosure violations and, particularly, the delay that resulted from the violations and the AUSA's failure to accept responsibility for the violations at the earliest opportunity. Rule 16(d)(2) authorizes a range of sanctions which the court may impose when a party fails to comply with Rule 16. Fed. R. Crim. P. 16(d)(2). Rule 16(d) does not include a requirement that the disclosure violations be intentional or non-prejudicial before the Court can impose a remedy. Moreover, an action taken by the Court to remedy a failure to comply with Rule 16 is a sanction. *See, e.g., United States v. Saterstad*, 852 F. App'x 250, 253 (9th Cir. 2021) ("[t]he appropriate sanction" for a failure to comply with Rule 16 rests in the district judge's sound discretion); *United States v. Gee*, 695 F.2d 1165, 1168 (9th Cir. 1983) (reviewing the propriety of "a sanction" for violating Rule 16). Here, the AUSA's actions resulted in disclosure violations, caused delay, and wasted the Court and counsel's time. More care must be taken. Accordingly, the Court concludes that the recommended sanction is appropriate and supported by the record.

//

//

**IT IS ORDERED**:

1. Defendant's Motion regarding Discovery Violation (Doc. 66) is **GRANTED** to the extent provided in this Order.
2. The Report and Recommendation (Doc. 85) is **ADOPTED**.

Dated this 7th day of December, 2021.

_____
Honorable Jennifer G. Zipps
United States District Judge